UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KAREN PARKER-MOORE,<br><br>    Plaintiff,<br><br>  v.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 3:16-cv-05652-KLS<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On January 24, 2013, plaintiff filed an application for SSI benefits, alleging she became disabled beginning March 1, 2012. Dkt. 16, Administrative Record (AR) 12. That application was denied on initial administrative review and on reconsideration. *Id.* At a hearing held before an Administrative Law Judge (ALJ), plaintiff appeared and testified, as did a vocational expert. AR 28-76.

In a written decision May 22, 2015, the ALJ found plaintiff could perform other jobs

ORDER - 1

existing in significant numbers in the national economy, and therefore that she was not disabled. AR 12-22. On May 20, 2016, the Appeals Council denied plaintiff's request for review of that decision, making it the final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this Court on August 1, 2016. AR 1; Dkt. 3; 20 C.F.R. § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits, or in the alternative for further administrative proceedings, arguing the ALJ erred:

(1) in evaluating the opinion evidence from Mounir Soliman, M.D., Terilee Wingate, Ph.D., Daniel Niems, Psy.D., and Lyn Hertz, MA, LMHC;

(2) in rejecting plaintiff's subjective complaints;

(4) in assessing plaintiff's residual functional capacity (RFC); and

(5) in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees that the ALJ erred in evaluating the opinion evidence from Dr. Soliman and Ms. Hertz, and therefore in assessing plaintiff's RFC and in finding she could perform other jobs. Also for the reasons set forth below, however, remand for further administrative proceedings, rather than an award of benefits, is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of*

ORDER - 2

*Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.   The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

ORDER - 3

"must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute

ORDER - 4

substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

A.   Dr. Soliman

With respect to the opinion evidence from Dr. Soliman, the ALJ stated he gave it only "[p]artial weight," further stating that:

> Dr. Soliman opined from a psychiatric standpoint, the claimant was able to understand, carry out, and remember simple and complex instructions. However, she indicated that the claimant would have difficulty getting along with others including co-workers, supervisors, and the general public, tolerating the stress and pressures associated with an eight-hour workday, and day-to-day activities. While the claimant demonstrated some limitation in intense social function, Dr. Soliman's opinion is internally inconsistent. For example, during the mental status exam, the claimant was unable to perform serial calculations but Dr. Soliman indicated that the claimant could still understand[,] carry out and remember complex instructions. In addition, Dr. Soliman indicated that the claimant had a [global assessment of functioning (GAF)] score of 64 indicative of only some mild symptoms, yet she opined that the claimant would have difficulty tolerating the stress and pressure associated with an eight-hour workday, which is an inconsistent finding. Accordingly, while I have generally accommodated for the limitations the claimant exhibited during the mental status examination, I have reduced the overall weight given to this opinion because of its conflicting findings.

AR 18-19.

Plaintiff argues the ALJ erred in his evaluation of Dr. Soliman's opinion. Specifically, plaintiff asserts that while the ALJ stated he "generally accommodated for the limitations [plaintiff] exhibited during the mental status examination" Dr. Soliman performed, and adopted Dr. Soliman's limitations on getting along with co-workers and tolerating the general public, the ALJ failed to accommodate the limitation that plaintiff would have difficulty getting along with supervisors. The Court agrees. In terms of social functioning limitations, the only restrictions the ALJ included in plaintiff's RFC assessment was superficial contact with both co-workers and the public. AR 16. The ALJ failed to explain why he deemed the limitations on co-worker and public

ORDER - 5

interaction were properly supported, but not that in regard to supervisors. This failure to properly explain this discrepancy constitutes reversible error, given its adverse impact discussed below on the ALJ's RFC and step five determinations.

     B.     <u>Ms. Hertz</u>

In regard to the opinion evidence from Ms. Hertz, the ALJ stated he gave "[l]ittle weight" to it, specifically finding that:

> [Ms.] Hertz opined that the claimant had sufficient intelligence, education and ability to make a good impression, but would have difficulty maintaining [a job] due to her memory issues, distractibility, poor memory and concentration as well as panic. Ms. Hertz opined that the claimant would be hindered in a work setting by an exaggerated startle response, fight or fight responses, and overprotective tendencies. However, Ms. Hertz is not an acceptable medical source for establishing diagnoses and although she provided counseling services to the claimant, she relied heavily on the claimant's subjective symptoms in making her assessment.

AR 19. Plaintiff again argues the ALJ erred in evaluating the opinion evidence here, and once more the Court agrees.

As plaintiff points out, the mere fact that Ms. Hertz is not an "acceptable medical source" is not alone a valid basis for rejecting her opinion. It is true that a mental health therapist such as Ms. Hertz is not an "acceptable medical source" as that term is defined by the Commissioner, and thus her opinion may be given less weight than those of acceptable medical sources. *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996); *see also* 20 C.F.R. § 416.913(a), (d) (acceptable medical sources include licensed physicians and licensed or certified psychologists). However, evidence from such "other sources" may "show the severity" of a claimant's impairments and their effect on the claimant's ability to work. 20 C.F.R. § 416.913(d). That evidence thus must be considered by the ALJ regardless of the fact that the source providing it is not is not technically an acceptable medical source.

ORDER - 6

The ALJ, furthermore, failed to show Ms. Hertz necessarily relied heavily on plaintiff's subjective symptoms in offering her opinion. Ms. Hertz expressly stated she based her opinion on her interactions with plaintiff, *as well as* on plaintiff's own "report of her experiences." AR 378. In addition, the treatment notes that accompany Ms. Hertz's opinion consistently reference abnormal mental status examination findings, including agitation, restlessness, anxiousness, depression, obsessive thoughts, expansiveness, worry, poor hygiene, fatigue, blunted affect, lack of spontaneity, preoccupation, anger, guardedness, poor judgement and insight, tearfulness, and hyperactivity. AR 385-87, 393-400, 405, 409, 412, 414, 424-25, 432. As such, here too the ALJ's findings cannot be said to be supported by the substantial evidence in the record. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.").

II.     The ALJ's RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. SSR 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those

ORDER - 7

limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found that plaintiff had the RFC to perform a full range of work at all exertional levels, but that she was limited to simple routine tasks and only superficial contact with co-workers and the public. AR 16. But because as discussed above the ALJ erred in failing to properly evaluate the opinion evidence from Dr. Soliman and Ms. Hertz, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's functional limitations. Accordingly, the ALJ erred here as well.

III.     The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

ORDER - 8

The ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 20-22. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – cannot be said to be supported by substantial evidence or free of error.

IV.     Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Plaintiff argues no outstanding issues remain to be resolved in this matter. However, given that it

ORDER - 9

is far from clear the ALJ would be required to adopt all of the functional limitations assessed by Dr. Soliman and Ms. Hertz, remand for further consideration of that issue – as well as those remaining in regard to plaintiff's RFC and her ability to perform other jobs existing in significant numbers in the national economy – rather than an outright award of benefits is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 28th day of March, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10